## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 15-1845 |
| v. ) | |
| ) | |
| POTOMAC ELECTRIC POWER COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

The United States of America ("United States"), by authority of the Attorney General of the United States and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 309(b) and (d) of the Federal Water Pollution Control Act ("Clean Water Act" or the "CWA"), 33 U.S.C. §§ 1319(b) and (d), against Potomac Electric Power Company (PEPCO or Defendant) for civil penalties and injunctive relief for the unpermitted discharge of pollutants into the Anacostia River and for violation of the conditions and limitations of the National Pollutant Discharge Elimination System ("NPDES") permits issued to PEPCO pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d) and 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), as well as Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because it is the

1

judicial district in which Defendant is located, reside, and/or are doing business, and/or in which the majority of the violations alleged in the Complaint occurred.

4. Notice of commencement of this action has been given to the District of Columbia in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

**DEFENDANT**

5. PEPCO is a Virginia Corporation with a principal place of business at 701 9th Street NW, Washington, DC 20068. It is wholly-owned subsidiary of Pepco Holdings, and owns and operates the Benning Service Center, located at 3400 Benning Road, NE, Washington, DC.

6. PEPCO holds NPDES Permit No. DC 0000094, issued to PEPCO in 2009, for the Benning Generating Station.

**STATUTORY AND REGULATORY AUTHORITY**

7. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" to waters of the United States, except, *inter alia*, in compliance with an NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

8. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia,* sewage, sewage sludge, biological material and industrial, municipal and agricultural waste.

9. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

10. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well [or] discrete fissure."

11. Section 402 of the CWA, 33 U.S.C. § 1342, provides that the permit-issuing authority may issue an NPDES permit that authorizes the discharge of any pollutant to waters of the

United States, upon the condition that such discharge will meet all applicable requirements of the CWA and such other conditions as the permitting authority determines necessary to carry out the provisions of the CWA.

12. EPA has not authorized the District of Columbia to issue NPDES permits and therefore EPA Region III is the permit issuing agency for the District of Columbia.

13. Section 402(a)(2) of the CWA directs the Administrator to prescribe conditions and limitations, including effluent limitations, for NPDES permits to ensure compliance with the requirements of the CWA. 33 U.S.C. § 1342(a)(2); see also 33 U.S.C. § 1311. Effluent limitations, as defined in Section 502(11) of the CWA, 33 U.S.C. § 1362(11), are restrictions on quantity, rate, and concentration of chemical, physical, biological, and other constituents which are discharged from point sources.

14. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

15. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty payable to the United States of up to $25,000 per day for each violation.

16. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, 69 Fed. Reg. 7121 (February 13, 2004), 74 Fed. Reg. 626 (January 7, 2009), and 40 C.F.R. § 19,

EPA may seek civil penalties of up to $32,500 per day for each violation occurring between March 15, 2004 and January 12, 2009, and up to $37,500 per day for each violation occurring after January 12, 2009.

## GENERAL ALLEGATIONS

17. The Defendant is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

18. At all relevant times, Defendant did business in the District of Columbia.

19. From the early 1900s to June, 2012, Defendant and/or its affiliates owned and operated the Benning Generating Station, located on 77 acres at 3400 Benning Road, NE, Washington, DC. On or about June 1, 2012, Defendant and/or its affiliates shut down the generating station and now operates the Benning Service Center ("BSC") at that location.

20. Until 2012, the facility operated as an electric generating station. The former power plant was located on the westernmost portion of the facility. The two oil-fired steam turbine units were installed in 1968 and 1972 and were used to generate electricity during periods of peak electricity demand.

21. PEPCO now owns and operates a service center for PEPCO's electric transmission and distribution system at the location of the former Benning Generating Station. Its operations include activities related to the construction, operation and maintenance of PEPCO's electric power transmission and distribution system serving the Washington, D.C. area, including vehicle fleet service maintenance and refueling, transformer maintenance, central warehousing of materials, supplies and equipment, and temporary storage of hazardous waste.

22. The generating station buildings and cooling towers are being or have been demolished and removed from the facility.

23. On June 19, 2009, EPA issued NPDES Permit No. DC0000094 to PEPCO for the Generating Station, effective July 19, 2009. The 2009 Permit authorized PEPCO to discharge stormwater from Outfall 013. It further established effluent limits and monitoring requirements for all stormwater discharges.

24. Outfall 13 is a point source within the meaning of CWA Section 502(14) of the CWA, 33 U.S.C. § 1362(14). It conveys the majority of the runoff from the facility through a 48 inch concrete pipe which becomes a 54 inch pipe as it discharges to the Anacostia.

25. PEPCO discharged stormwater containing metals, including copper, iron, lead, zinc and cadmium and total suspended solids (TSS) in concentrations greater than the effluent limits in the 2009 Permit, through its stormwater sewer to the Anacostia River on at least 131 occasions since September 30, 2009 to the present, as set forth in Attachment A.

26. Copper, iron, lead, zinc, cadmium and TSS are industrial wastes and pollutants within the meaning of CWA Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

27. Copper, zinc and lead are heavy metals which can be toxic at low concentrations.

28. The 2009 Permit was scheduled to expire on July 19, 2014. In 2013, PEPCO timely filed an application for a new NPDES Permit prior to expiration of the 2009 Permit. The 2009 Permit is administratively extended so that its terms are still in effect, pending EPA's issuance of a new NPDES Permit for the facility.

29. The Anacostia River is a tributary of the Potomac River, which flows to the Chesapeake Bay.

30. The Anacostia River is designated for primary contact recreation (swimming and wading). It is designated for secondary contact recreation (boating, etc.) and for: aesthetic enjoyment; protection and propagation of fish, shellfish and wildlife; protection of human health

related to consumption of fish and shell fish and navigation.  It is listed as an impaired water due to various pollutants, including metals.

## CLAIM FOR RELIEF

### Permit Effluent Violations at Outfall 013

31. Paragraphs 1 through 30 are realleged and incorporated by reference herein.

32. During the period relevant to this Complaint, Defendant has discharged and likely will continue to discharge stormwater from Outfall 013 containing pollutants in excess of effluent limitations in the 2009 Permit into the Anacostia River, a water of the United States.

33. Defendant has exceeded the limits in the 2009 Permit for iron, zinc, lead, cadmium, and TSS on at least 131 occasions.  Attachment A identifies the exceedances at Outfall 013 of the daily maximum and monthly average effluent limits.

34. For each exceedance of an effluent limitation, Defendant is in violation of Section 301 of the CWA, 42 U.S.C. § 1311, for discharging in violation of the conditions and limitations of the applicable NPDES permit under Section 402 of the CWA, 42 U.S.C. § 1342.

35. Unless enjoined, Defendant's violations will continue.

36. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), Defendant is liable for permanent injunctive relief.

37. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendant is liable for civil penalties of up to $37,500 per day of violation for the violations on Attachment A,  all of which occurred after January 12, 2009.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court grant the following relief:

A. Assess civil penalties against Defendant PEPCO of up to $37,500 per day for each violation;

B. Order Defendant PEPCO to develop and implement an effective plan to address its stormwater violations of the 2009 Permit and any subsequent NPDES permit;

C. Award the United States its costs and disbursements in this action; and

D. Grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

_____/s/_____

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

_____/s/_____
NANCY FLICKINGER
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Email: Nancy.flickinger@usdoj.gov
Phone: (202) 514-5258

        CHANNING D. PHILLIPS,
D.C. BAR #415793
United States Attorney for
the District of Columbia

DANIEL F. VAN HORN,
D.C. BAR #924092
Civil Chief

_____/s/_____
KEITH V. MORGAN,
D.C. BAR # 422665
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2537
Fax: (202) 252-2599
Email: keith.morgan@usdoj.gov

OF COUNSEL:

ROBERT J. SMOLSKI
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029